UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

IN RE:

Darrance LaQuann Cain          CASE NO.:   25-25913
                               CHAPTER    13

Debtor

MOTION FOR CONTEMPT AND SANCTIONS AGAINST COUNTRY VIEW
APARTMENTS FOR VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. 362

COMES NOW the Debtor, Darrance LaQuann Cain, by and through his attorney of record, pursuant to Federal Rule of Bankruptcy Procedure 9020, and hereby moves the Court for an order imposing sanctions against Country View Apartments for willful and flagrant violation of the automatic stay.  This is a contested proceeding within the meaning of Bankruptcy Rule 9014.

1. Debtor commenced this case on November 16, 2025.  Country View Apartments was listed on Debtor's schedules as a lease to be assumed by the Debtor, along with their attorneys Glankler Brown PLLC.

2. Debtor had a prior case, case number 25-24061, filed August 13, 2025 and dismissed November 14, 2025.

3. Country View and Glankler Brown initially filed an FED in General Sessions Court on July 21, 2025.  The eviction was dropped on August 14, 2025 due to Debtor's first bankruptcy filing.  Creditor did file a motion for relief in that case that was eventually granted.

4. Debtor filed the instant case on November 16, 2025.  His prior case was dismissed for failure to appear at the zoom Meeting of Creditors.  The prior case was his first

bankruptcy of any kind and Debtor did not fully understand the requirements of the bankruptcy.

5. Debtor filed a Motion to Extend the automatic stay on November 17, 2025. Country View and Glankler Brown were notified of all filings in the case. A hearing was set December 3, 2025 on Debtor's Motion to Extend. The motion was granted with no opposition from any party. An order extending the stay as to all creditors was entered on December 9, 2025.

6. On November 19, 2025 counsel for Debtor, as a precautionary measure, took the filing notice for the current bankruptcy case, 25-25913 to the General Sessions Court to be docketed to the previously filed eviction.

7. On November 20, 2025 Country View and Glankler Brown took a judgment for possession in the eviction.

8. On December 12, 2025 Country View caused an "Order Granting Adequate Protection" to be filed on the eviction docket.

9. On December 12, 2025 a writ of possession was issued.

10. On Friday December 12, 2025 at approximately 5:00 p.m. process servers removed Debtor's property from his residence.

11. Debtor was able to reach his attorney, and the filing notice was sent to the Debtor to show the process servers. The process servers eventually left, without changing the locks. Debtor was then required to put all belongings back in the property with the help of his children. Debtor had broken furniture and ruined food.

12. The current Bankruptcy case represents Debtor's second bankruptcy case in the past twelve-month period.  Pursuant to 11 U.S.C. § 362 (c) (3) Debtor has enjoyed the full protection of the automatic stay since this case was filed.

13. Country View was provided opportunity to object to Debtor's request to extend the stay and failed to do so.

14. Section 362(a) of the Bankruptcy Code provides that the filing of a petition for relief under the Bankruptcy Code operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case [.]" 11 U.S.C. § 362(a)(6). A violation of the automatic stay is treated as contempt of court, and compensable by sanctions. Id. § 362(k)(1). To recover under § 362(k), an individual must establish the following three elements: "(1) that a violation of the automatic stay occurred; (2) that the violation was committed willfully; and (3) that the violation injured the individual seeking damages." Barclay v. Reimer & Lorber Co. LPA (In re Barclay), No. 05-8019, 2006 WL 23819 at *4-5 (B.A.P. 6th Cir. Feb. 1, 2006) (citing In re Skeen, 248 B.R. 312, 316 (Bankr. E.D. Tenn. 2000)).

15. In stay violation litigation, debtors bear the burden of proof to establish by a preponderance of evidence the following elements: (1) that a bankruptcy petition was filed,  (2) that the debtors are "individuals" under the automatic stay provision, (3) that the creditors received notice of the petition, (4) that the creditors' actions were in willful violation of the stay, and (5) that the debtors suffered damages. In re Flack, 239 B.R. 155, 16-63 (Bankr. S.D. Ohio 1999)(quoting In re Rainwater, 233 B.R. 126, 155 (Bankr. N.D. Ala. 1999)).

16. A violation of the automatic stay is "willful" if a "creditor knew of the automatic stay and violated the stay through an intentional act, even if the creditor did not specifically intend to violate the stay." Harker v. Eastport Holdings, LLC (In re GYPC, Inc.), 634 B.R. 983, 989 (Bankr. S.D. Ohio 2021) (citing TranSouth Fin. Corp. v. Sharon (In re Sharon), 234 B.R. 676, 687 (B.A.P. 6th Cir. 1999) and Squire v. Stringer, 820 F. App'x. 429, 434 (6th Cir. 2020)).

17. Further, "a party's subjective, good faith belief that he had a right to engage in the violating conduct is irrelevant." In re Smith, 636 B.R. 521, 532 (Bankr., E.D. Tenn. 2021) (citing In re Webb 472 B.R. 665 (B.A.P. 6th Cir. 2012) (unpublished table decision).

18. When a creditor's actions are willful the Debtor "shall recover actual damages, including costs and attorneys' fees and, in appropriate circumstances, may recover punitive damages."  11 U.S.C. § 362(k)(1)

19. Debtor in this case, while enjoying the protection of the automatic stay, had his belongings removed from his residence and damaged.   Debtor has suffered actual damages, including but not limited to the damage to his personal property.  Debtor has incurred costs and attorneys' fees.

20. Given the circumstances, with clear notice provided to Creditors of the filing and the repeated failure to address this Court prior to evicting tenants in bankruptcy, punitive damages are appropriate.

**WHEREFORE, PREMISES CONSIDERED**, your Debtor prays that this matter be set for a hearing, that the Court enter an order that Creditor violated the Automatic Stay willfully and awarding Debtor fees and costs, as well as actual damages, and punitive damages.

Respectfully Submitted,

/s/ Arthur A Byrd Jr.

Arthur A Byrd Jr     (029081)
Attorney for Debtors
116 Mulberry Street
Collierville, TN  38017
(901)848-2549

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing Motion has been

served upon all interested parties per the Creditor Matrix including Glankler Brown PLLC, Attn:

Manager or Officer, 6000 Poplar Ave Ste 400 Memphis TN  38119 and Country View

Apartments 3990 Stephanie Lane Memphis TN  38128 via regular U.S. Mail, postage prepaid,

this the 15 December 2025.

/s/ Arthur A Byrd Jr.

Arthur A Byrd Jr.